CRAMER *v.* STATE.

4655                                      238 S. W. 2d 482

Opinion delivered April 2, 1951.

Rehearing denied April 30, 1951.

*John C. Sheffield,* for appellant.

*Ike Murry,* Attorney General and *R. Ben Allen,* Special Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.   Josh Cramer appeals from a judgment sentencing him to fifteen years' imprisonment for having murdered Harold Hurt, the husband of Cramer's stepdaughter.   The only issue presented to us is whether there is evidence to support the jury's finding that Cramer is guilty of murder in the second degree. We find the testimony amply sufficient.

Cramer admits that he killed Hurt with a shotgun on April 8, 1950, but contends that he acted in self-defense. On this question the testimony is in conflict.   For more than a year the Cramers and the Hurts had lived together in a small dwelling.   There was animosity between Cramer and Hurt, the testimony indicating that each had threatened to kill the other.   According to Agnes Hurt, the widow of the deceased, she and her husband had a mild quarrel on the night that he was killed.   Agnes' mother, Effie Cramer, "butted in" and was pushed by Hurt.   Mrs. Cramer called to her husband, who came in with a shotgun and shot Hurt while he was unarmed and in the act of lighting a cigarette.   It is undisputed that Cramer directed his wife to take the responsibility for the crime and that she did confess guilt.   After Mrs. Cramer had been in jail for several days Cramer admitted that he had killed Hurt.   At the trial both Cramer and his wife testified that Hurt was threatening or beating Cramer with a club when the shooting occurred.

Agnes Hurt's testimony that the killing was unprovoked is plainly substantial evidence supporting the verdict.   The jury evidently accepted Mrs. Hurt's version rather than the Cramers', perhaps because Cramer is the accused and his wife is manifestly under his domination. It is argued that malice was not proved, but we think it unnecessary to cite our numerous cases holding that the law implies malice when the killing is with a deadly weapon and without provocation.

Affirmed.